[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By Memorandum of Decision dated June 25, 2002, Family Support Magistrate (Hon. John E. Colella) denied defendant's Motion of Modification of Child Support Post Judgment in which the defendant had sought a reduction in his child support order.
This matter comes before this court as an appeal by the defendant from said Magistrate's decision pursuant to Connecticut General Statutes 46b-231
(n).
On August 6th, 2002, the appeal was tried to this court. The parties were represented throughout the proceedings by counsel. The appeal hearing consisted of counsel submitting written briefs and making oral argument. Neither party requested the submission of additional evidence and as such the appeal conducted by the court was confined to the record pursuant to Connecticut General Statutes 46b-231 (n)(6).
The defendant claims in his appeal that the decision of the Family Support Magistrate should be reversed and modified, or in the alternative, be reversed and the case be remanded for further proceedings because:
 "a. The Family Support Magistrate erred in failing to provide for deviation from the support guidelines because of a shared custody arrangement pursuant to Regulations of Connecticut State Agencies Section 46b-215a-3 (b)(6)(A).
 "b. The Family Support Magistrate's conclusions as to the earning capacity of each of the parties was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.
 "c. The Family Support Magistrate erred as a matter of CT Page 11315 law in concluding that employment as a school nurse for 35 hours a week for 39 weeks a year represents full-time employment and is a suitable measure of earning capacity and erred factually in drawing that conclusion in view of reliable, probative and substantial evidence on the whole record."
A hearing was held on January 29, April 2 and April 9, 2002 by the Family Support Magistrate on the defendant's Motion for Modification for Child Support Post Judgment dated July 18, 2001 as well as the plaintiffs Motion for Modification of Child Support Post Judgment dated October 9, 2001.
Testimony was received from the plaintiff, the defendant, the defendant's accountant, the plaintiffs accountant, the defendant's office manager, a nurse recruiter who testified on behalf of the defendant, and a support child enforcement officer. In addition, numerous exhibits were submitted by both parties which included various financial records.
The Family Support Magistrate in his decision of June 25, 2002 stated:
 "this current custody/visitation arrangement as established by the order of September 3, 1999, is not a substantial change in circumstances regarding the custody/visitation arrangement established through the dissolution of marriage Judgment. Therefore, this Court declines to apply a shared custody deviation."
The plaintiff is a school nurse earning $37,400.00 per year from said employment. The defendant is a self-employed medical doctor. In regard to the earning capacity of the parties, the Magistrate found that the defendant's:
 "total actual earnings to be $138,336., and that said amounts equals his current earning capacity."
In addition, the Magistrate found that the Plaintiff is "reasonably and sufficiently employed "full time" in her chosen profession" and that the Plaintiffs "earning capacity does not exceed her current actual earnings."
Applying the determined earnings to the guidelines results in a presumptive order of $296.00 per week. The Magistrate states in his decision:
CT Page 11316
 "Obviously this results in a deviation of less than 15% from the current weekly order of $285.00 per week. Connecticut General Statutes 46b-86 (a) allows a modification of alimony or support orders "upon a showing of substantial changes in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the Child Support Guidelines. . . . there shall be a rebuttable presumption that any deviation of less than 15% from the Child Support Guidelines is not substantial . . ." the Court finds that this presumption has not been rebutted."
This court standard of review of the Family Support Magistrate's findings is governed by Connecticut General Statutes 46b-231 (n)(7) which provides in pertinent part:
 "The Superior Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is (A) in violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
It is well settled law in Connecticut that a court may base financial awards on earning capacity rather than actual earned income of the parties. In Bleuer v. Bleuer, 59 Conn. App. 167 (2000) the Appellate Court stated:
 "While there is no fixed standard for the determination of an individual's earning capacity; it is well settled that earning capacity is not an amount which a person can theoretically earn, nor is it confined to actual income, but rather it is an amount which a person can realistically be expected to earn considering such things as his vocational skills, employability, age and health. When determining earning capacity, it also is especially appropriate for the court to consider whether the defendant has CT Page 11317 wilfully restricted his earning capacity to avoid support obligations." (Citations omitted: internal quotation marks omitted).
The record clearly supports the Magistrate's determination that the plaintiff is "reasonably and sufficiently employed "full time" in her chosen profession. The plaintiff gave testimony in the hearing before the Magistrate that she works as a school nurse for a public school and performs her duties whenever school is in session during the school year and approximately eight days during the summer. In addition, the summer before the hearing she worked as a nurse for one week at a Boy Scout Camp and for two weeks at the Winneger Sports Camp. Her son attended the camps where the plaintiff worked. Her compensation for working at the Boy Scout Camp was $100.00 plus her son was allowed to attend the camp for free. Her compensation for her work at the Winneger Sports Camp was her not having to pay her portion of the camp tuition for her son.
From an examination of the record in this matter which includes the transcript of the hearings before the Magistrate, held on January 29, April 2, and April 9, 2002 as well as the exhibits submitted in said hearing, and after considering the briefs and argument of counsel, the court reaches the following conclusion as to the decision of the Family Support Magistrate dated June 25, 2002. The defendant has not shown that said decision is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record or arbitrary or capricious or characterized by abuse of discretion nor is said decision deficient in any of the other ways as detailed in Connecticut General Statutes 46b-231
(n)(7).
Accordingly, the decision of the Family Support Magistrate dated June 25, 2002 is affirmed.
 ___________________ Graziani, J.
CT Page 11318